**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____  :
                                :
RODNEY SAUNDERS,                :      Civil No.  07-4293 (RBK)
                                :
          Petitioner,           :
                                :
     v.                         :      **OPINION**
                                :
UNNAMED WARDEN, et al.,         :
                                :
          Respondents.          :
_____  :
```

**APPEARANCES:**

    RODNEY SAUNDERS, Petitioner pro se
    # 56332-066
    Federal Bureau of Prisons
    Inmate Monitoring Section
    320 First Street NW, Room 528
    Washington, D.C. 20534

    Christopher J. Christie, United States Attorney
    Daniel J. Gibbons, Assistant U.S. Attorney
    970 Broad Street, Room 700
    Newark, New Jersey  07102
    Counsel for Respondents

**KUGLER, District Judge**

    Petitioner, Rodney Saunders ("Saunders"), is a federal prisoner.  He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit for the time he was held in federal custody pursuant to a writ of habeas corpus ad prosequendum.  The named respondents are the unnamed Warden of the federal correctional facility where petitioner is confined, and Clay Shell, the Assistant Administrative Director of the Inmate Monitoring System.

On April 28, 2008, respondents submitted a response to the petition with the relevant administrative record.  Petitioner has not filed any objections or traverse.  Accordingly, this Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

## I.  BACKGROUND

On May 7, 2001, Saunders was convicted and sentenced to 21 to 42 months imprisonment by the Commonwealth of Pennsylvania on drug charges.  One year later, on May 15, 2002, federal authorities assumed physical custody of Saunders pursuant to a writ of habeas corpus ad prosequendum.  On May 16, 2003, Saunders pled guilty to the federal charges.  He was sentenced on June 18, 2004, in the United States District Court for the Eastern District of Pennsylvania, to a 30-month prison term on federal drug offenses unrelated to petitioner's state court conviction. Saunders also was sentenced to a consecutive 30-month prison term, pursuant to 18 U.S.C. § 924(C)(1), on his conviction for using and carrying a firearm in relation to a drug trafficking crime, for a total federal sentence of 60 months in prison. Saunders' projected release date is March 16, 2009.

After his federal sentencing hearing, Saunders was returned to state custody on June 30, 2004.  On November 8, 2004, Saunders was released from state custody to a federal detainer.  He began serving his federal sentence on November 8, 2004.  The Federal

Bureau of Prisons ("BOP") granted Saunders one day of jail credit, November 15, 2000, because it had not been credited against his state sentence.

Saunders requested prior custody credit for the time he spent serving his state sentence, or a "nunc pro tunc" designation.  In a letter dated January 27, 2005, the BOP Regional Inmate Systems Administrator denied Saunders' request for a nunc pro tunc designation, finding that:

> You were sentenced on June 18, 2004, in the Eastern District of Pennsylvania, on case #CR 02-250-1, to a term of 60 months.  At the time of sentencing, the Judge was silent as to how the federal sentence would run in relation to the sentence you were serving for the State of Pennsylvania. The Bureau interpreted your judgment as consecutive and began your federal sentence effective November 8, 2004, when you were paroled by the state to the federal detainer.
>
> Under Bureau policy, a designation for concurrent service of sentence should be made only when it is consistent with the intent of the sentencing court or the goals of the criminal justice system.

(Respondents' Declaration of John A. Farrar ("Farrar Decl.", ¶ 7 and Exhibit e).

Petitioner then sought a clarification of his sentence from the sentencing court.  On October 19, 2006, the federal sentencing court clarified the sentence imposed on June 18, 2004, stating it was the court's intent for the federal sentence to be consecutive to his state sentence.  The court further noted that Saunders had been granted a considerable departure from the federal sentencing guidelines.  (Farrar Decl. at ¶ 8 and Ex. f).

Respondent does not dispute that petitioner exhausted his administrative remedies before filing this habeas petition.

## II. <u>CLAIMS PRESENTED</u>

Petitioner presents three claims in support of habeas relief:

Claim One: The BOP must credit petitioner's federal sentence 21 months, from February 7, 2003 to November 7, 2004, because the federal writ of habeas corpus ad prosequendum prevented petitioner from being considered and released for state parole. Saunders states that he became eligible for state parole on or about February 7, 2003, but was held in federal custody from May 12, 2002 through June 30, 2004, when he was returned to state custody to serve out the remainder of his state sentence. Petitioner was compelled to serve his maximum term, or the remaining 129 days on his state sentence, because the state administrative parole process takes approximately 120 days to complete.  Saunders relies on <u>Rosemond v. Menifee</u>, 137 F. Supp.2d 270 (S.D.N.Y. 2000), in support of this claim.

Claim Two: Petitioner contends that the BOP should have credited his federal sentence for the time he spent in federal detention on a writ of habeas corpus ad prosequendum, from May 12, 2002 through June 30, 2004, because the sentencing transcript indicates that the federal sentencing court intended to impose an

"adjusted" federal sentence under the United States Sentencing Guidelines ("USSG") § 5G1.3(c) to achieve a reasonable sentence.

Claim Three: Finally, Saunders contends that if this Court finds no intent by the sentencing court to "adjust" petitioner's federal sentence, then the Court should find that the federal "sentencing court failed to consider Saunders' undischarged state sentence and USSG § 5G1.3 as bearing on punishment imposed, which constitutes plain error."

The respondents oppose the petition, countering that federal custody did not commence until the state authorities relinquished Saunders on satisfaction of his state sentence on November 8, 2004. The Government argues that Saunders is not eligible to receive prior custody credit towards his federal sentence for the time he served on the writ of habeas corpus ad prosequendum because that would constitute double credit contrary to the intent of Congress under 18 U.S.C. § 3585(b). Furthermore, the Government contends that petitioner's claim that he might have been released on state parole if he had remained in the physical custody of the state is too speculative to outweigh the prohibition against double credit under 18 U.S.C. § 3585(b). Finally, the Government argues that the federal sentencing court clearly stated its intent that petitioner's federal sentence should run consecutive to his state sentence because petitioner

5

already had been given a substantial reduction in his federal sentence.

### III.  <u>ANALYSIS</u>

The Court recognizes that a <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Thus, a <u>pro se</u> habeas petition should be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Saunders is proceeding <u>pro se</u> in his application for habeas relief, the Court will accord his petition the liberal construction intended for <u>pro se</u> litigants.

**A.  Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in

the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Moreover, if the BOP erred in calculating Saunders' sentence by not applying prior custody credit for the time he spent in federal detention on the writ of habeas corpus ad prosequendum, then Saunders would be entitled to immediate release from prison, and his continued confinement would constitute a miscarriage of justice that can be corrected only through habeas corpus. Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Saunders does not challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state custody, and because he was confined in New Jersey at the time he filed his petition. See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal

sentencing is cognizable under § 2241);  See <u>Barden v. Keohane</u>, 921 F.2d at 478-79 (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 41.2b (3rd ed. 1998).

**B.  Computation of Federal Sentence**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, <u>see</u> 18 U.S.C. § 3585; <u>United States v. Wilson</u>, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). <u>See</u> <u>United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> > (1) as a result of the offense for which the sentence was imposed; or

8

> (2) as a result of any other charge for which
> the defendant was arrested after the
> commission of the offense for which the
> sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit.  See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The Supreme Court has made clear that inmates are not allowed to "double count" credit.  See United States v. Wilson, 503 U.S. 329 (1992).

9

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrent to a state sentence. Section 3584 provides:

(a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate. - Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)(sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

Also relevant to this petition is the concept of "primary jurisdiction."  When two different sovereigns have custody of a

10

criminal defendant over time, the general rule is that the
sovereign who first acquires custody has primary jurisdiction
over the defendant.  <u>Chambers v. Holland</u>, 920 F. Supp. 618, 622
(M.D. Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996).  Primary
jurisdiction remains vested in the jurisdiction which first
arrested defendant until that jurisdiction relinquishes its
priority by bail release, dismissal of state charges, parole
release, or expiration of sentence.  <u>Id</u>.

**C.   The Commonwealth of Pennsylvania Retained Primary
       Jurisdiction Over Petitioner During the Time Petitioner Was
       in Federal Custody.**

        Generally, as referenced above, the sovereign which first
arrests an individual acquires primary jurisdiction for purposes
of trial, sentencing, and incarceration.  The arresting sovereign
retains primary jurisdiction unless it relinquishes it by (1)
releasing the prisoner on bail; (2) dismissing the charges; (3)
releasing the prisoner on parole; or (4) the expiration of the
sentence.  <u>U.S. v. Cole</u>, 416 F.3d 894, 897 (8th Cir. 2005);
<u>Chambers</u>, 920 F.  Supp. at 622.  A sovereign does not relinquish
authority by producing a state prisoner for sentencing in a
federal court via a writ of habeas corpus *ad prosequendum*.  <u>See</u>
<u>Cole</u>, 416 F.3d at 896-897; <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1365
(9th Cir. 1991); <u>Chambers</u>, 920 F. Supp. at 622.

        In this case, Saunders argues that the federal government
had assumed primary jurisdiction over him while he was in federal

detention pursuant to a federal writ of habeas corpus ad prosequendum, and therefore, the relevant time period between May 12, 2002 through June 30, 2004 should count towards service of his federal sentence.

However, Saunders shows no evidence that Pennsylvania state authorities relinquished its primary jurisdiction over petitioner when he was loaned to federal authorities pursuant to the writ of habeas corpus ad prosequendum.  At the time Saunders was placed in federal detention, he was serving a state sentence, which had not yet expired, and Saunders had not been released on parole. In fact, Saunders was returned to the custody of Pennsylvania state authorities on June 30, 2004, so that he could complete his state sentence before serving his unrelated federal sentence. Consequently, Saunders remained under the primary jurisdiction of the state of Pennsylvania until he was released by state authorities on November 7, 2004, after petitioner had completed service of his state sentence.  See Rios v. Wiley, 201 F.3d 257, 274-76 (3d Cir. 2000).[1]  Primary jurisdiction did not revert to the United States until Saunders was transferred to the BOP for

---

[1] Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995.  See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

service of his federal sentence on or about November 7, 2004.[2]
See Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992).

## D.  Prior Custody Credit

Saunders' primary claim is that the BOP erred in refusing to award him prior custody credit for the period of time from May 12, 2002 through June 30, 2004, when petitioner was placed in federal detention pursuant to the habeas ad prosequendum.  The BOP argues that Saunders is entitled to prior custody credit only if it is in accord with 18 U.S.C. § 3585(b).  Specifically, respondents contend that an award of prior custody credit for the time period in question is prohibited because it would be a double credit contrary to the provisions of 18 U.S.C. § 3585 (b).

The Supreme Court expressly noted that, under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also Rios v. Wiley, 201 F.3d at 274.  This ban on double credits also applies to those situations where the petitioner is in federal detention under a writ of habeas corpus *ad prosequendum* during the time for which

---

[2]  Title 18 of the United States Code, section 3585(a) states:
A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

presentence credits are sought.  Rios v. Wiley, supra.  Thus, respondents correctly argue that Saunders is not entitled to prior custody credits for the time he spent in federal detention because it would constitute double credit contrary to 18 U.S.C. § 3585(b).[3]

Here, the time Saunders spent in federal detention, from May 12, 2002 to June 30, 2004, was credited towards his Pennsylvania state sentence.  Therefore, this Court finds that Saunders is not entitled to credit his federal sentence with time already credited against his non-federal sentence.  See Wilson, 503 U.S. at 337; Rios v. Wiley, 210 F.3d at 274.  See also 18 U.S.C. § 3585(b).

**E.  Rosemond v. Menifee Is Not Applicable Here**

Saunders argues that he should be granted credit for the time he spent in federal detention on the writ of habeas corpus ad prosequendum because, had he not been in federal detention, he would have been released on state parole.  Petitioner relies on Rosemond v. Menifee, 137 F. Supp.2d 270 (S.D.N.Y. 2000) to

_____

[3]  Saunders' federal and state offenses are unrelated, so § 3585(b)(2) is applicable in this case.  Consequently, prior custody credit may be granted for the time Saunders spent in official detention for which he did not receive credit towards another sentence, and this detention must have occurred on or after the date of the federal offense.  In other words, because Saunders received credit for the time he spent in federal detention pursuant to the habeas ad prosequendum towards his state sentence, any credit towards his federal sentence for this same time period would be double credit prohibited by 18 U.S.C. § 3585(b)(2).

14

support this contention.  Respondents counter that Saunders'
claim that he would have been released on parole is too
speculative to outweigh the prohibition against double credit
under 18 U.S.C. § 3585(b).

In Rosemond, the court held that due process and fundamental
fairness required the BOP to credit petitioner towards his
federal sentence for the 87 days he spent in federal detention
pursuant to a writ of habeas corpus ad prosequendum.  The court
specifically observed that petitioner was scheduled for
conditional release from state custody two days after he was
taken into custody on the federal writ of habeas corpus ad
prosequendum on April 1, 1999.  When petitioner was returned to
state custody on June 26, 1999, he was released by the state two
days later, "which is strong evidence that the State of New York
would have released petitioner on April 3, 1999 but for the fact
that he was in federal custody pursuant to the federal writ."
The court further noted that "New York State authorities lacked
the legal authority to credit petitioner for the two days
remaining on his state sentence which were spent in federal
custody."  Accordingly, the court concluded that "to deny
petitioner credit toward his federal sentence-for time that was
not credited toward his state sentence which was lengthened
solely by the actions of the federal authorities-would represent
a manifest injustice."  Rosemond, 137 F. Supp.2d at 275.

Similarly, in <u>United States v. Anderson</u>, 98 F. Supp.2d 643 (E.D. Pa. 2000), the United States District Court for the Eastern District of Pennsylvania found that the defendant was entitled to a downward departure reflecting the time he spent in federal custody following the grant of parole in his state case since, in the absence of a departure, defendant would have been "subjected to an additional seven months on a state sentence that was, in all but the most technical sense, complete, without receiving any credit towards his federal sentence." <u>Id</u>. at 646.

While this Court is guided by the <u>Anderson</u> and <u>Rosemond</u> cases, the different circumstances in the instant matter mandate a different result. First, Saunders does not show that he had a date set for conditional release or parole or that he was granted state parole at any time after he was taken into federal custody pursuant to the federal writ. His argument that he would have had a date set for parole is purely speculative, and not supported by the record. Namely, after Saunders was returned to state custody on June 30, 2004, he remained in state custody for the remainder of his sentence, which was at least six months. Thus, Saunders was credited towards his state sentence for the entire time he spent in federal custody. His state sentence was not lengthened by virtue of the time he spent in federal custody, and there is no indication that his state sentence was considered

16

complete at any time before he was returned to state custody and for six months thereafter.

Second, in this case, Saunders' federal sentence was made to run consecutive to his state sentence, not concurrently, as was the situation in Anderson, where petitioner was granted a downward departure.

Therefore, this Court finds that Rosemond and Anderson are inapplicable here, and Saunders is not entitled to credit towards his federal sentence for the time he spent in federal detention pursuant to the writ of habeas corpus ad prosequendum because that time was credited towards service of his state sentence, and would clearly violate 18 U.S.C. § 3585(b)(2).

**F.  Saunders Is Not Entitled to Sentence Reduction Under USSG § 5G1.3.**

Finally, Saunders argues that he is entitled to a downward departure or sentence reduction under USSG § 5G1.3(c).[4]  This

---

[4]  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. §5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."  U.S.S.G. § 5G1.3(b).

section allows a federal court to award a concurrent sentence in
a manner that would require the BOP to give credit for the time
petitioner spent in federal detention even though that time
already was credited toward service of his non-federal sentence.
However, this issue is more appropriate for the sentencing court
pursuant to a motion under 28 U.S.C. § 2255, rather than this
district court in a § 2241 habeas petition where petitioner is
held in custody.  See United States v. Pierce, 120 F.3d 263 (4th
Cir. 1997).

     Saunders refers to Rios v. Wiley, 201 F.3d 257 (3d Cir.
2000) and Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) in
making his claim that a downward departure is appropriate under
USSG § 5G1.3.  This Court finds these cases inapplicable here.

     In Ruggiano v. Reish, the United States Court of Appeals for
the Third Circuit held that in imposing a sentence, a district
court may grant an adjustment for time served on a preexisting
sentence pursuant to U.S.S.G. § 5G1.3(c).[5]  Under Ruggiano, a

_____

     [5]  In Ruggiano, the United States Court of Appeals for the
Third Circuit held that in imposing a sentence, a federal
district court may grant an "adjustment" for time served on a
pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).  Notably,
the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines
Manual § 5G1.3 cmt. N. 3(E)(2003)) appears to be in conflict with
the holding in Ruggiano.  The note provides that, "subsection (c)
does not authorize an adjustment of the sentence for the instant
offense for a period of imprisonment already served on an
undischarged term of imprisonment."  Although credit may be given
in extraordinary circumstances for time served on a pre-existing
sentence, the credit is properly deemed a downward departure and
not an adjustment.  Notwithstanding this note, Ruggiano remains

sentencing court may exercise this option to grant an adjustment under § 5G1.3(c) by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

In Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there."  Id., 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence. Defendant to receive credit for time served.'"  Id.  The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

In this case, the sentencing court expressly made Saunders' federal sentence consecutive to his state sentence, and found

---

the controlling precedent.  While the Third Circuit has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "precedential" opinion.  See United States v. Destio, 153 Fed. Appx. 888, 893-94 (3d Cir. 2005).

This Court further observes that application note 3(E) to U.S.S.G. § 5G1.3 became effective on November 1, 2003, after Saunders' federal sentence was imposed.

that Saunders had been granted a substantial reduction in his
federal sentence based on the downward departure from the 5K1.1
motion.  The sentencing court further noted that Saunders did not
warrant an additional reduction in his sentence.  Specifically,
in an Order dated October 19, 2006, pursuant to an action in
which Saunders sought an interpretation of his sentence imposed
on June 18, 2004, the sentencing court stated: "It was the
intention of the Court that the sentence imposed on the Defendant
be consecutive to his State Court sentence.  We note that the
Defendant had already been granted a considerable departure from
the Sentencing Guidelines."  (Farrar Decl. at Exhibit f).

Thus, the sentencing court expressly stated that it did not
intend to credit Saunders for time served on his state sentence,
which was credited towards his state sentence, for the time he
spent in federal custody pursuant to the federal writ.  Moreover,
the sentencing court was explicit in stating that Saunders
received a substantial reduction in his federal sentence under
the federal sentencing guidelines and was not entitled to any
further downward departure.  Accordingly, this Court finds that
the BOP did not err in its calculation of Saunders' federal
sentence and in its denial of credit for the time he spent in
federal custody on a writ *ad prosequendum* from May 12, 2002 to
June 30, 2004, because this time period was credited towards
petitioner's state sentence, and such would constitute double

credit in violation of 18 U.S.C. § 3585(b).  Given the express
and specific direction from the sentencing court that no further
reduction on petitioner's federal sentence was intended, the
BOP's decision concerning the calculation of Saunders' sentence
and the award of prior custody credit is mandated and limited by
18 U.S.C. § 3585(a) and (b).  This habeas petition is denied
accordingly.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An
appropriate Order accompanies this Opinion.


<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

Dated: July 14, 2008

21